# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FIRST BANK PUERTO RICO,**<br><br>    Plaintiff,<br><br>       v.<br><br>**GABRIEL RAMÓN ABOY, et al.,**<br><br>    Defendants. | **CIVIL NO. 14-1768 (PAD)** |

## OPINION AND ORDER

Delgado-Hernández, District Judge.

This is an action for collection of monies and foreclosure against Gabriel R. Aboy and Ana M. Pichardo. Before the court is Pichardo's "Motion to Dismiss Pursuant to Rule 12(b)(2), (b)(4) & (b)(6)" (Docket No. 13), which First Bank opposed (Docket No. 14). For the reasons stated below, the motion is DENIED.

### I.   FACTUAL BACKGROUND.

Defendants were shareholders of CaribBulk Shipping Ltd, a British Virgin Island Company, with a 15.83% participation on common or capital shares. Id. at ¶ 10. On March 6, 2009, CaribBulk purchased the vessel M/V TORN KRISTINE, later renamed M/V SYDNEY MARIE. Id. On April 14, 2009, it took a loan from First Bank to finance the vessel's purchase and provide for its delivery. Id. at ¶ 13. The same day, Aboy and Pichardo[1] executed a Limited Personal Guaranty in favor of First Bank, pursuant to which they severally guaranteed the payment and performance of obligations under the Loan Agreement, and other documents, including a Stock Pledge Agreement, as a condition precedent to the making of the loan. Id. at ¶ 14.

---

[1] Pichardo appeared as Ana Maria Aboy.

On July 19, 2013, the M/V SYDNEY MARIE was sold, with CaribBulk's outstanding balance with First Bank apportioned between CaribBulk's shareholders according to their respective ownership interest in the company. Id. at ¶ 23. In consequence, their indebtness was set at $205,662.54. Id. at ¶ 24. However, on December 13, 2013, Aboy and First Bank entered into a Loan Agreement, subscribing a Promissory Note for $205,662.84 plus interest. Id. at ¶ 25. And on that same date, Aboy, as Prestige Medical Services, Inc.'s sole shareholder, executed a Stock Pledge Agreement. Id. at ¶ 26.[2]

Eventually, Aboy and Pichardo defaulted on their obligations under the April 2009 Limited Personal Guaranty Agreement and Stock Pledge Agreement, whereas Aboy defaulted on the December 13, 2009 Loan Agreement and the Prestige Stock Pledge Agreement. This action ensued. On May 4, 2015, default was entered against Aboy (Docket No. 18). In turn, Pichardo moved to dismiss for failure to state a claim against her (Docket No. 13).[3]

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint need only include sufficient facts to make it plausible on its face. Rodriguez-Vives v. Puerto Rico Firefighters Corps. of Puerto Rico, 743 F.3d 278, 283 (1st Cir. 2014); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013). Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224

---

[2] The relationship between CaribBulk and Prestige is unclear. What is clear is that Prestige is a corporation organized under the laws of the state of Florida with its principal place of business in Miami, Florida; and that Aboy was its sole director, officer and Stockholder (Docket No. 1, Exh. 6 at p. 1).

[3] Additionally, Pichardo requested dismissal for insufficiency of service under Fed. R. Civ. P. 12(b)(5), arguing that service of process was effected through Mr. Juan Carlos Galanes, and that he had no authority to accept service on her behalf. The argument fails, for by way of Section 6.6 of the Stock Pledge Agreement of 2009 (Docket No. 1-2 at p. 17), she and Aboy irrevocably appointed Mr. Galanes as "their authorized agent and attorney-in-fact to receive on their behalf service of copies of the summons and complaint and any other process which may be served in any and such action or proceeding brought in any court or of the Commonwealth of Puerto Rico delivering a copy of such process." Id.

(1st Cir.2012); Sepulveda-Villarini v. Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). It does not, however, require a plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.

The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).[4]

### III.  DISCUSSION

#### a. Novation

Pichardo contends that the 2013 agreements novated and extinguished the 2009 obligation under the Limited Personal Guarantee Agreement, and as such, reliefs her from liability here (Docket No. 13 at pp. 5-7, 8-11). Novation is a recognized mechanism to extinguish or modify obligations in Puerto Rico. P.R. Laws Ann. tit. 31 § 3241; Web Service Group, Ltd v. Ramallo Bros. Printing, Inc., 336 F.Supp.2d 179, 182 (D.P.R. 2004)(quoting Nieves Domenech v. Dymax

---

[4] Barring narrow exceptions, the court may not consider documents outside the pleadings when evaluating a motion to dismiss, unless they are attached to the complaint or are expressly incorporated therein. Foley v. Wells Fargo Bank, 772 F.3d 63, 71-72 (1st Cir. 2014); LaSalle v. Puerto Rico Elec.Power Authority, ---F.Supp.3d----, 2015WL 7012583, *1 n.3 (D.P.R. 2015)(same). In this case, all of the relevant documents are not only referred to in the Complaint, but have been attached as exhibits thereto (Docket No. 1, Exhs. 1-6). Besides, the parties have not challenged their authenticity. For that reason, the court has reviewed the documents in determining whether the complaint should be dismissed under Fed.R.Civ.P. 12(b)(6). See, Diva's v. City of Bangor, 411 F.3d 30, 38 (1st Cir. 2005)(authorizing review of an agreement in those circumstances).

Corp., 952 F.Supp. 57, 61 (D.P.R.1996) (other internal citations omitted).[5] An extinctive novation extinguishes the old obligation and creates a new one. Id. (internal citations omitted).

For an extinctive novation to exist, the parties must expressly declare their intention to extinguish the previous obligation. Id. (citing Marina Indus. Inc. v. Brown Boveri Corp., 114 D.P.R. 64, 70-77 (1983); Nieves-Domenech, 952 F.Supp. at 61; Ballester Hermanos v. Campbell Soup Co., 797 F.Supp. 103, 107 (D.P.R.1992)). Alternatively, it takes place when the two obligations are absolutely incompatible. Web Service Group, Ltd., 336 F.Supp.2d at 182; Francisco Garraton, Inc. v. Lanman & Kemp–Barclay & Co., 559 F.Supp. 405, 407 (D.P.R.1983). Differently stated, there must be a radical change between the new and old obligation so as to make them mutually exclusive. Web Service Group, Ltd., 336 F.Supp.2d at 182 (citing, G. & J., Inc. v. Dore Rice Mill, Inc., 108 D.P.R. 89 (1978)); Nieves Domenech, 952 F.Supp. at 62-64 (discussing "extinctive novation" claim under Puerto Rico law).

**b. Pichardo's Argument**

Pichardo essentially argues that the Loan Agreement and Promissory Note executed by Aboy on December 13, 2013 reflect an extinctive novation because First Bank consented to the change of debtor, and by so doing, extinguished obligations under the April 2009 Limited Personal Guarantee Liability Agreement (Docket No. 13 at pp. 8-11). Although substitution of the debtor may sufficiently modify an obligation, the substitution, absent an express declaration of intent to extinguish obligations, must meet the high standard of incompatibility to be considered extinctive. See, F.D.I.C. v. P.L.M. International, 834 F.2d 248, 251 (1st Cir. 1987)(so holding).

---

[5] Because this is a diversity case, Puerto Rico's substantive law controls. Alejandro-Ortiz v. P.R. Elec. Power Auth., 756 F.3d 23, 26-27 (1st Cir. 2014).

Nowhere in the 2013 agreements is there an express declaration of the parties' intent to extinguish the original obligations. Moreover, the 2009 obligations are not incompatible with the ones assumed in 2013, which only modified the term for payment and the addition of collateral by Aboy. See, Comband Technologies, Inc. v. WH-TV Broadcasting Corp., 774 F.Supp. 69, 73 (D.P.R. 1991)(noting there was no novation where creditor granted debtor extension of time to comply with the terms of the agreement)(quoting, Miranda Soto v. Mena Ero, 109 D.P.R. 473, 479-480 (1980)).[6] Thus, as plead, there is no extinctive novation eliminating Pichardo's obligation under the 2009 agreement.

## IV.   CONCLUSION

For the reasons stated, Pichardo's motion to dismiss at Docket No. 13 is DENIED. An Order for the parties to file a Joint Proposed Schedule will follow.

**SO ORDERED**.

In San Juan, Puerto Rico, this 24th day of February, 2016.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge

---

[6] Pichardo alleges that Section 7 of the 2013 Loan Agreement entered into by Aboy, which specifically provides that the 2013 agreements in no way impair or release Aboy and Pichardo from their obligations and liabilities, is "null and void" as to her, because Aboy had no legal authorization to bind her to this new agreement, and she did not consent in any way to its terms. But Pichardo has not been called upon to respond for obligations under the 2013 Agreement. Rather, she has been sued on account of the obligations she assumed under the 2009 Limited Personal Guarantee Liability Agreement.